IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EBERARDO VALDEZ, a/k/a
Eberardo (Lalo) Valdez

       Petitioner,

vs.

                                       No. Civ. 01-334 MV/RLP

ERASMO BRAVO, Warden, *et al.*,

       Respondents

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States Magistrate Judge's Proposed Findings and Recommended Disposition **[Doc. No. 11]**, recommending that petitioner's petition for *habeas corpus* relief filed pursuant to 28 U.S.C. § 2254 be denied and that petitioner's Motion for Appointment of Counsel be denied as moot. The Court, having made a *de novo* review of the record, finds that the Proposed Findings and Recommended Disposition of the Magistrate Judge shall be adopted in part and rejected in part, as explained below.

## FACTUAL AND PROCEDURAL BACKGROUND

As explained by the Magistrate Judge, the New Mexico Court of Appeals set forth the following account of the underlying facts in affirming petitioner's second degree murder conviction:

> Defendant and four others went to the residence of Kendrick Rudolph (Rudolph) and Carl Smith (Smith) seeking to engage in a fight. When the five arrived at the residence they assaulted Smith. When Rudolph became aware of the melee, he attempted to come to Smith's aid. Defendant and Smith then began fighting. While Defendant was fighting with Smith outside of the residence, Defendant's companions were fighting with

> Rudolph.  One of Defendant's companions stabbed Rudolph numerous times, and another hit Rudolph over the head with a VCR.  Altogether, Rudolph received fifty-four stab wounds to the body and face and died as a result of the injuries to his left lung and the loss of blood from the numerous wounds.
>
> While participating in the attack on Smith, Defendant became aware that the police were coming and went into the residence to warn his companions.  Defendant wrecked his truck when he and his companions attempted to flee.  Defendant then ran from the scene.  The day after the fight, Defendant reported his truck stolen, but he eventually admitted that it had not been stolen and that he had been at the residence and was involved in the fight.  Defendant's girlfriend accompanied Defendant to the police station to report the truck stolen, and she told police Defendant had been with her the entire night.  When she learned of the killing, however, she returned to [the] police to tell them that Defendant had not actually been with her throughout the night of the fight.

Ans., Ex. I at 2.  These factual findings have not been challenged and are supported by the record.  The Court of Appeals did not find, and the government does not argue, that petitioner knew his companions were stabbing Rudolph.[1]

The government charged petitioner with an open count of murder.  The day before trial, the government notified petitioner of its intention to try him on a theory of felony murder.  The trial judge instructed the jury on felony murder, second degree murder, and several other degrees of homicide.  The jury returned a verdict of second degree murder, "apparently," according to the Court of Appeals, on the basis of accessory liability.  *See* Ans., Ex. I at 3.  Petitioner directly appealed his conviction and the Court of Appeals affirmed.  Petitioner's petition to the New Mexico Supreme Court for a writ of *certiorari* was denied.  Petitioner then filed a petition for

---

[1] The Court of Appeals did make a finding, which the Magistrate Judge appears to have accepted, that petitioner "should have been cognizant of the fact that Rudolph was being stabbed repeatedly."  Prop. Findings and Rec. at 5.  Having thoroughly reviewed the record, the Court is unable to locate any support for this finding.

state *habeas corpus* relief, which was denied. The denial was affirmed and petitioner's petition to the New Mexico Supreme Court for a writ of *certiorari* was denied.

Petitioner has filed a *pro se* petition for federal *habeas corpus* relief pursuant to 28 U.S.C. § 2254. In his petition, petitioner advances the following claims for relief:

1. [The] [f]elony murder instruction was improper.

2. Prosecutorial misconduct.

3. Denial of effective assistance of counsel.

4. The evidence was insufficient to support [the] conviction.

5. A change of venue should have been granted due to inflammatory and biased pre-trial publicity.

6. The jury should have been sequestered.

7. [The] [s]entence imposed is cruel and unusual punishment.[2]

The government concedes that petitioner has exhausted his state court remedies with respect to each of these claims.

Petitioner filed a Motion for Appointment of Counsel. Without first addressing the Motion for Appointment of Counsel, the Magistrate Judge proceeded to analyze petitioner's claims. The Magistrate Judge concluded that petitioner was not entitled to federal *habeas corpus* relief with respect to any of his claims and recommended, accordingly, that the petition be denied.

---

[2] The Magistrate Judge also found that petitioner claimed that he did not receive sufficient notice of the state's felony murder theory and that the trial court improperly failed to suppress the statements that petitioner made to the police. Petitioner presented both of these claims on direct appeal and he presented the suppression issue in his petition for state *habeas corpus* relief. The Court, however, is unable to find these claims listed among those presented in his petition for federal *habeas* relief.

The Magistrate Judge then recommended that petitioner's Motion for Appointment of Counsel be denied as moot.

## ANALYSIS

The Court agrees with the Magistrate Judge's analysis with respect to petitioner's claims that: counsel was constitutionally ineffective, a change of venue was required, the jury should have been sequestered, and the sentence constituted cruel and unusual punishment. Therefore, the Magistrate Judge's Proposed Findings and Recommended Disposition will be adopted, and the petition for *habeas corpus* will be denied, as to claims (3), (5), (6), and (7). The Magistrate Judge did not address petitioner's prosecutorial misconduct argument. However, the Court has reviewed the record *de novo* and finds that there is no factual or legal support for this claim. Accordingly, the petition for *habeas corpus* relief will also be denied as to claim (2).

The Court is concerned, however, that the Magistrate Judge may have been too cursory in his review of claim (1) (improper felony murder instruction) and of claim (4) (insufficiency of the evidence). The record indisputably demonstrates that it was legal error for the trial judge to have instructed the jury on felony murder because, under state law, in order to be convicted of felony murder, the defendant must have committed an underlying felony which was independent of, or collateral to, the killing, and because aggravated battery is a non-collateral crime. *See* Ans., Ex. I at 3 (citing *State v. Campos*, 921 P.2d 1266 (1996)). Petitioner's argument, made on direct appeal, that this instruction improperly influenced the jury and likely resulted in a compromise verdict is compelling. Nonetheless, the Court of Appeals concluded that petitioner was not prejudiced by the instruction. *See id.* at 3-5.

It is also undisputed that petitioner was outside fighting with Smith while petitioner's

4

companions fought with, and ultimately killed, Rudolph.  The Court has been unable to locate anything in the record that would support a finding that petitioner knew what was going on inside while he was fighting with Smith.  As explained *supra*, the Court has been unable to locate any portion of the record to substantiate the Court of Appeals' finding that because the "stabbing took place both inside and outside the trailer," petitioner "should have been cognizant of the fact that Rudolph was being stabbed repeatedly."  Ans., Ex. I at 7.  In New Mexico, a defendant can be convicted of accessory liability only if he "share[s] the criminal intent of the principal."  *State v. Carrasco*, 946 P.2d 1075, 1079 (1997) (citing *State v. Ochoa*, 72 P.2d 609, 615 (1937)).  Under the New Mexico Uniform Jury Instructions, "a defendant may be found guilty as an accessory to a crime other than attempt and felony murder if the state proves to the jury beyond a reasonable doubt that: '(1) The defendant intended that the crime be committed; (2) The crime was committed; [and] (3) The defendant helped, encouraged or caused the crime to be committed.'"  *Id.* (citing UJI 14-2822).  Therefore, the government was required to prove that petitioner shared the criminal intent of the men who were responsible for killing Rudolph and that he helped, encouraged, or caused them to commit the crime.  Based on its review of the record, the Court has concerns about the sufficiency of the evidence the government produced at trial to support petitioner's second degree murder conviction.  *See Jackson v. Virginia*, 443 U.S. 307 (1979).

It is important to emphasize that the Court is *not* finding here that the improper felony murder instruction was prejudicial or that the evidence was insufficient to support petitioner's conviction.  These arguments have not been sufficiently developed before this Court for the Court to make such a conclusion.  The Court notes, in this regard, that the Magistrate Judge did not address petitioner's Motion for Appointment of Counsel until after it had rejected petitioner's

5

arguments. In deciding whether to appoint counsel, "the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991); *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) ("[I]f the plaintiff has a colorable claim then the district court should consider the nature of the factual issues and the ability of the plaintiff to investigate the crucial facts." (quotation omitted)). A review of the underlying factual and procedural history in this action reveals that petitioner may be able to present a colorable claim that the improper felony murder instruction was unconstitutionally prejudicial and a colorable claim that the evidence was insufficient to support his second degree murder conviction. Moreover, this action implicates the standard to be applied to *habeas corpus* petitions under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which is an extremely complex legal question. *See Williams v. Taylor*, 529 U.S. 420 (2000). Finally, the Court finds that petitioner's constitutional claims present challenging factual and legal issues. Accordingly, the Court finds that appointment of counsel in this case is warranted.

## CONCLUSION

In sum, the Court is not satisfied that petitioner's claims that the improper felony murder instruction was unconstitutionally prejudicial and that the evidence was insufficient to support his conviction should be denied. Moreover, the Court finds that appointment of counsel for the purpose of briefing these legal issues would assist the Court in its resolution of petitioner's claims. The Court does find, however, that the Magistrate Judge correctly concluded that the remainder of petitioner's claims must be denied.

**IT IS THEREFORE ORDERED THAT** the Magistrate Judge's Proposed Findings and Recommended Disposition **[Doc. No. 11]** is hereby **adopted in part and rejected in part**; petitioner's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 **[Doc. No. 1]** is hereby **denied** as to claims (2), (3), (5), (6), and (7); petitioner's Motion for Appointment of Counsel **[Doc. No. 3]** is hereby **granted**; appointed counsel is hereby directed to submit a brief in support of claims (1) and (4) presented in the petition for a writ of *habeas corpus*; and the matter is hereby **remanded** to the United States Magistrate Judge for consideration of claims (1) and (4) presented in the petition for a writ of *habeas corpus*.

Dated this 17th day of September, 2001.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorneys for Petitioner
    Ebarardo Valdez *(pro se)*

Attorney for Government
    Max Shepherd