IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EBERARDO VALDEZ, a/k/a
Eberardo (Lalo) Valdez,

    Petitioner,

v.                                                                            Civ. No. 01-334 MV/RLP

ERASMO BRAVO, Warden, *et al.*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Petitioner's Objections **[Doc. No. 20]** to the Magistrate Judge's Additional Proposed Findings and Recommended Disposition **[Doc. No. 19]** and a *de novo* review of the record. Having reviewed the record and the parties' submissions, the Court concludes that the findings of the United States Magistrate Judge shall be adopted in part and rejected in part. For the reasons set forth below, the Court grants the petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, on the issue of whether the evidence was sufficient to convict Petitioner of being an accessory to second degree murder.

On June 7, 2001, the Magistrate Judge entered his Proposed Findings and Recommended Disposition **[Doc. No. 11]**. After a review of the record, this Court adopted in part and rejected in part those findings. *See* Memorandum Opinion and Order **[Doc. No. 12]**. The Court appointed counsel for Petitioner, requested that the parties brief two issues, and remanded to the Magistrate Judge for consideration of those issues. *Id*. The Magistrate Judge's Additional Proposed Findings and Recommended Disposition **[Doc. No. 19]** was entered on December 12, 2002.

The facts of this case have been set forth in full in the Magistrate Judge's opinions and in this Court's prior Memorandum Opinion and Order. Briefly stated, Petitioner and four friends went to the home of Kendrick Rudolph and Carl Smith in the early morning of January 16, 1998. At one point, Petitioner and Smith entered into a fight outside the home. While Petitioner was outside, one of his companions stabbed and killed Rudolph inside the house. When the police arrived, Petitioner alerted those inside the house, and they left the scene. Petitioner was charged with, *inter alia*, accessory liability for second degree murder and was convicted after a jury trial.

In affirming Petitioner's conviction, the New Mexico Court of Appeals (NMCOA) stated that "[t]he stabbing took place both inside and outside of the trailer." NMCOA Memorandum Opinion and Order, Exhibit I to Answer. The record contains no such evidence. In fact, the evidence at trial showed that Petitioner was unaware that his companions had a knife or that Rudolph was being stabbed. Petitioner did engage in a fight with another individual outside the home, but did not enter the home until police had arrived, and even then, he entered only to warn his friends.

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Court clarified that Section 2254(d)(1) did not allow a federal court to issue a writ of habeas corpus if a state court only had applied federal law incorrectly. Rather, Section 2254(d)(1), in authorizing federal courts to grant the writ when a state court decision "involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," permitted habeas relief when "the state court identifie[d] the correct governing legal principle from [the] Court's decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Id*. at 413.

In the case at bar, Petitioner's habeas claim alleges insufficient evidence to support his conviction, in violation of his right to due process. In *Jackson v. Virginia*, 443 U.S. 307 (1979), the

2

Supreme Court held that habeas relief is appropriate if no rational trier of fact could have found the defendant guilty beyond a reasonable doubt, given the evidence presented at trial. *Id.* at 324. Accordingly, the relevant inquiry for this Court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 318. Based on our review of the record, this Court finds that this question must be answered in the negative and that the NMCOA decision constitutes an unreasonable application of *Jackson*.

In New Mexico, "[a]n accessory must share the criminal intent of the principal." *State v. Carrasco*, 946 P.2d 1075, 1079 (N.M. 1997). In determining that Petitioner's conviction was supported by sufficient evidence, the NMCOA placed great reliance on a "fact" -- namely, that the stabbing of Rudolph took place both inside and outside the trailer -- that is not established in the record. The NMCOA relied on this unsubstantiated "finding" to conclude that Petitioner had the requisite intent because, according to the court, petitioner "should have been aware that Rudolph was being stabbed repeatedly." Memorandum Opinion and Order, Exhibit I to Answer at 7. The NMCOA thus affirmed Petitioner's conviction.

However, once that "fact" is removed from consideration, Petitioner's conviction rests on quicksand. There was no evidence in the record of any agreement or understanding that a murder would take place. There was no evidence that Petitioner even knew his companions had a knife. There was no evidence that Petitioner had any knowledge of what was taking place inside the home while he was outside. As noted by the *Carrasco* court, aiding and abetting requires "something more" than mere presence. 946 P.2d at 1081. In the words of Learned Hand, the law requires that the alleged aider and abettor "in some sort associate himself with the venture, that he participate in

3

it as in something that he wishes to bring about, that he seek by his action to make it succeed." *United States v. Peoni*, 100 F.2d 401, 402 (2d Cir.1938).  There is simply no evidence in this case that Petitioner associated himself with or sought to bring about the murder of Kendrick Rudolph. By any measure, the NMCOA's affirmation of Petitioner's conviction -- particularly in light of the weight that court gave to matters nowhere in the record -- is not merely incorrect, but is unreasonable as understood by the *Williams* Court.  It is on this ground that habeas relief will be granted.

When this case was remanded to the Magistrate Judge, the Court also requested the parties brief the issue of whether Petitioner was prejudiced by the improper felony murder jury instruction. Having granted relief on evidentiary insufficiency, the Court does not reach this second issue.

The State will have 120 days to retry Petitioner.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Application for a Writ of Habeas Corpus **[Doc. No. 1]** on Count 4 (conviction based on insufficient evidence) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Respondents shall have 120 days to retry Petitioner; if Respondents do not commence retrial within that 120-day period, Respondents will be permanently barred from retrying Petitioner and will be required (a) to dismiss charges against Petitioner with prejudice and (b) to release Petitioner from custody.

**IT IS SO ORDERED**.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Petitioner
Roger A. Finzel

Attorney for Respondents
Max Shepherd