FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 0 6 2005

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EBERARDO VALDEZ,

    Petitioner,

v.                                          Civ. No. 01-334 MV/RLP

ERASMO BRAVO, Warden, et al.,

    Respondents.

## MAGISTRATE JUDGE'S SECOND ADDITIONAL PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1.     On June 25, 2004 the Tenth Circuit Court of Appeals issued its opinion in *Valdez v. Bravo*, 373 F.3d 1093 (10th Cir.), *cert. denied*, --U.S.--, 125 S.Ct. 822 (2004) and remanded this case back to the district court. The district court's Memorandum Opinion and Order, which had granted habeas relief, did not address the issue of whether an improper jury instruction submitted at Petitioner's state court trial had prejudiced Petitioner. *See* Memorandum Opinion and Order [Doc. 23]. After remand Petitioner's counsel requested the court to allow supplemental briefing on this issue which was not decided by either the district court or the Tenth Circuit. Supplemental briefing has been completed and the district court has requested a report and recommendation on this issue.

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Additional Proposed Findings and Recommended Disposition ("Proposed Findings") that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections with the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

50

2.      The facts of this case are fully set out in the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 11], and in *Valdez*, 373 F.3d at 1094-95. In brief, Petitioner accompanied several friends and participated in a fight with two individuals, one of whom died (Kendrick Rudolph). Several theories of liability were submitted to the jury in the court's instructions: felony murder, accessory liability, second degree murder, voluntary manslaughter and involuntary manslaughter. The jury found Petitioner guilty of second degree murder as an accessory.

3.      Petitioner argues that his due process rights were violated by submission to the jury of the felony murder instruction. The parties agree that it was error to submit that instruction, which carried the same elements as the accessory instruction. Petitioner states that the New Mexico Court of Appeals (NMCOA) erred by not applying the harmless error standard in *Chapman v. California*, 386 U.S. 18 (1967) and placing the burden of proving prejudice on Petitioner. Petitioner argues that since the NMCOA's opinion "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," *see* 28 U.S.C. § 2254(d)(1), he is entitled to habeas relief.

4.      Respondent concedes the impropriety of the felony murder instruction and acknowledges the NMCOA's failure to apply *Chapman*. Respondent argues, however, that the recent Tenth Circuit opinion in *Turrentine v. Mullin*, 390 F.3d 1181 (10th Cir. 2004), *cert. denied*, – U.S. –, 125 S.Ct. 2544 (2005) should guide this court in denying habeas relief to Petititioner.

5.      *Turrentine* reached the Tenth Circuit on a § 2254 petition and involved, *inter alia*, an issue concerning a state jury instruction and the claimed violation of the petitioner's

2

due process rights. As here, the Oklahoma state court did not apply *Chapman's* harmless error standard and wrongly placed the burden of proving prejudice on the petitioner. 390 F.3d at 1190. The court found that the decision was therefore contrary to clearly established federal law. *Id.* The court then determined:

> That the [state court] decision was contrary to clearly established federal law, however, is not a sufficient basis for granting habeas relief. We still must conduct our own harmless error analysis under *Brecht* [*v. Abrahamson*, 507 U.S. 619 (1993)], asking whether the underlying error in the trial court had a "substantial and injurious effect or influence in determining the jury's verdict." 507 U.S. at 623 . . . . In other words, when a state court fails to apply the proper harmless error standard under *Chapman* (whether the error was harmless "beyond a reasonable doubt"), the reviewing federal court must evaluate the trial court error under the *Brecht* standard (whether the error had a "substantial and injurious effect or influence in determining the jury's verdict."

390 F.3d at 1190.

6. Petitioner expresses the issue before this court: whether the erroneous felony murder charge constitutes harmless error under *Brecht?* But, as noted in *Turrentine*, errors in state jury instructions is not a basis for habeas relief. 390 F.3d at 1191 (citing *Estelle v. McGuire*, 502 U.S. 62, 72 (1991)). Rather, in addition to the "substantial and injurious effect" analysis, the court must also determine "'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" *Id.* at 1192 (citing *McGuire*, 502 U.S. at 72). This determination is made by looking at all of the instructions and the trial record as a whole, including whether the evidence at trial was sufficient to support the verdict. *Id.* at 1191.

3

7. In this case, the jury was instructed on the crimes of felony murder, second degree murder, voluntary manslaughter and involuntary manslaughter. Jurors were told that "[y]ou must consider each of these crimes. You should be sure that you fully understand the elements of each crime before you deliberate further." Record Proper 94 (Jury Instruction 12). The jury was then instructed to consider each of the crimes in order, proceeding to the next one only after unanimous agreement that the defendant was not guilty of the crime under consideration. *Id.* Felony murder was the first crime charged. *Id.* at 85 (Jury Instruction 3). Necessarily, the jury found Petitioner not guilty of that "crime." Second degree murder was next and the jury found him guilty.

8. Petitioner argues that the same dilemma facing the Court in *Price v. Georgia*, 398 U.S. 323 (1970) is present here. *Price* raised the issue of compromise verdicts when an improper instruction is coupled with a less serious offense. As stated by the Court, applying a harmless error analysis, "we cannot determine whether or not the murder charge against petitioner induced the jury to find him guilty of the less serious offense of voluntary manslaughter rather than to continue to debate his innocence." *Id.* at 331.

9. In the instant case, the improper felony murder instruction listed the same elements as the second-degree murder charge, although the language is significantly different. Petitioner's due process argument is that because the same evidence supporting a guilty verdict on second degree murder also supported a guilty verdict on felony murder, it is likely that the jury's verdict of second degree murder is a compromise and without the improper instruction the jury might have continued to debate Petitioner's innocence.

4

10. The instructions as a whole, and the evidence at trial, do not support that inference. Here, the jury was instructed on four levels of homicide and told to consider each one separately. The evidence showed a willing participant in a violent enterprise and the Tenth Circuit found that the evidence at trial was sufficient for a rational jury to convict Petitioner of second degree murder. The error presented by the felony murder instruction was harmless.

## RECOMMENDED DISPOSITION

I recommend that the petition be denied and this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge